49 CCPA

Joseph F. NENZELL, Appellant,

v.

Lester E. HUTSON, Malcolm V. Imboden and Clifton L. Englis, Appellees.

Patent Appeal No. 6738.

United States Court of Customs and Patent Appeals.

March 9, 1962.

John M. Lee, Fulwider, Mattingly & Huntley, Los Angeles, Cal. (George R. Jones, Beale & Jones, Washington, D. C., of counsel), for appellant.

Harris, Kiech, Russell & Kern, Ford W. Harris, Jr., Los Angeles, Cal., for appellees.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges.

PER CURIAM.

This is an appeal by Nenzell, the senior party, from the decision of the Board of Patent Interferences awarding "priority to the senior party *pro forma*."

The board held the issue to be "one of originality of invention" and stated that the proofs of the parties "All point to one reasonable conclusion that *neither party made the invention independent of the other, but both parties contributed thereto.*" (Emphasis supplied.) The board then ruled.

"Since Hutson et al. have failed to sustain the burden of proof resting upon them as the junior party, we must award priority to the senior party *pro forma.* * * *

\* \* \* \* \* \*

" \* \* \* *Pro Forma* priority of invention of the subject matter in issue is awarded to Joseph F. Nenzell, the senior party, *accompanied by a recommendation to the Commissioner of Patents that the claim corresponding to the count be rejected in the sole application of Nenzell on the ground of non-joinder of the co-inventors thereof as joint applicants.*" (Emphasis supplied.)

Appellant alleges that the board erred in designating the award of priority as "*pro forma*" inasmuch as the junior party had "failed to sustain the burden of proof to establish priority of invention." He alleges further error in the board's recommendation to the Commissioner that the claim in his application corresponding to the sole count be rejected. We are asked "to modify the decision of the board in awarding priority *pro forma* to Nenzell, and award priority on its merits to Nenzell with directions to the Commissioner of Patents to grant the claim corresponding to the count to him."

Appellees, the junior party, have not appealed. They concede that the issue of their own claim of priority is not before us, but argue primarily that appellant, having been awarded priority of invention, is the winning party and cannot appeal from an award in his favor.

Congress has made provision for this court to review decisions of the board in patent interference matters. Our power of review is governed by 35 U.S.C. § 141, which provides that

" \* \* \* A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals, \* \* \*."

■ To agree with appellees that, on this record, appellant has no right to be here would require us to read something into Section 141 which is not there. Congress has not said that "a party" seeking review by this court should be the "winner" or "loser" below. It is clear that appellant is "a party" in the instant contest and it is equally clear that he is "dissatisfied" with the board's decision "on the question of priority."

It is our view that the award of priority, even though denominated "*pro forma,*" has the same effect *on the parties of this interference* as would an unqualified award of priority. Appellant has won on the priority issue, thus there is nothing for this court to review on that question. .

■ The recommendation to the Commissioner by the board under Rule 259, 35 U.S.C.Appendix [1] is not before us. No final action thereon has been taken in the Patent Office and we are presently without authority to review it.

The appeal is dismissed.

Dismissed.

---

[1]. 259. "*Recommendation by the Board of Patent Interferences.* The Board of Patent Interferences may, either before or concurrently with their decision on the question of priority, but independently of such decision, direct the attention of the Commissioner to any matter not relating to priority which may have come to their notice, and which in their opinion establishes the fact that no interference exists, or that there has been irregularity in declaring the same, or which amounts to a bar to the grant of a patent to either of the parties for the claim or claims in interference. The Commissioner may suspend the interference and remand the case to the primary examiner for his consideration of the matters to which attention has been directed if such matters have not been considered before by the examiner, or take other appropriate action. If the case is not so remanded, the primary examiner will, after judgment on priority, consider such matters, unless the same shall have been previously disposed of by the Commissioner."